**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**STEVEN A. JENKINS,**

                                 Case No. 2:17-cv-738
                                 Judge Michael H. Watson
                                 Chief Magistrate Judge Elizabeth P. Deavers

    v.

**NEIL TURNER, WARDEN,**

    Respondent.

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is also before the Court on the *Petition*, Respondent's *Motion to Dismiss*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 10) be **GRANTED** and that this action be **DISMISSED**.

Petitioner's *Motion for Default Judgment* (ECF No. 4) is **DENIED**.

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On March 13, 2002, a Franklin County Grand Jury indicted appellant for aggravated murder stemming from a fatal shooting during a robbery in 1980. Appellant pleaded guilty to the charge of voluntary manslaughter, and the trial court convicted him of that offense. On April 10, 2008, the trial court imposed the maximum sentence for the offense of 7 to 25 years in prison.
>
> On May 7, 2008, appellant filed a notice of appeal to this court from the judgment of the trial court. Appellant also filed a motion to withdraw his guilty plea on May 13, 2008. On July 9, 2008, the trial court denied appellant's motion to withdraw his plea. Appellant did not file an appeal to this court from the trial court's

July 9, 2008 decision. On July 15, 2008, appellant dismissed his appeal from his conviction and sentence.[1]

On December 24, 2015, appellant filed the instant "motion to vacate void sentence and set aside unconstitutional plea." The motion alleges several grounds for relief, including (1) "[t]his defendant did not have an impartial judge, resulting in structural error," (2) due to appellant's documented mental illness, "[t]he plea tendered was not made knowingly, voluntarily and intelligently making it unconstitutional," (3) the statute of limitations barred his prosecution, and (4) "[t]rial counsel was ineffective falling short of the 6th amendment." (Mot. to Vacate at 6, 8, and 14.)

On January 8, 2016, the state filed an "answer to petition and motion to dismiss," wherein the state urged the trial court to treat appellant's motion as a petition for postconviction relief, pursuant to R.C. 2953.23(J), and dismiss the petition as untimely filed. The state argued alternatively that res judicata barred the grounds for relief asserted in appellant's motion. On January 18, 2016, the trial court issued a decision and entry construing appellant's motion as a petition for postconviction relief, pursuant to R.C. 2953.23(A), and dismissing the petition as untimely filed.

Appellant timely appealed to this court from the decision of the trial court.

II. ASSIGNMENTS OF ERROR

Appellant assigns the following as error:

[1.] The trial court erred in recasting this appellant's motion to correct void sentence as a post conviction to deny it on procedural grounds and applying the principals of res judicata when the motion advanced two jurisdictional challenges and obvious errors which by law can be raised at any time thus violating this appellant's constitutional right to a fair trial and the due process of law guaranteed by the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

[2.] The trial court erred in not granting relief because it is clear that this defendant did not have an impartial judge at trial and sentencing which results in structural error and violates his rights

---

[1] This date appears to be a typographical error. The record indicates that, on July 15, 2009, the appellate court issued a *Journal Entry of Dismissal* granting Petitioner's voluntary motion to dismiss the appeal. (ECF No. 9, PageID# 207.)

> to a fair trial and the due process of law under the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.
>
> [3.] The trial court erred in not granting relief on the claim the plea tendered was not possibly knowingly, voluntarily and intelligently made thus making it unconstitutional, violating this appellant's constitutional rights to a fair trial and the due process of law under the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.
>
> [4.] The trial court erred in not granting relief on the statute of limitation claim. A conviction for voluntary manslaughter in 2006 stemming from an offense committed in 1980, when the corpus delecti was available in 1980, with no tolling provision available, was barred by the provisions of O.R.C. 2901.13. Since no proper waiver was made to that defense, the sentencing court lacked the jurisdiction to impose a sentence in 2006 and the sentence is void as a matter of law. The trial court's refusal to grant relief violated this appellant's constitutional rights to the due process of law and a fair trial in the 5th and 14th amendments of the U.S. constitution [sic] and the equivalent Articles and Sections of the Ohio Constitution.
>
> [5.] The trial court erred in not granting relief on this appellant's ineffective assistance of counsel claim as counsel at trial and sentencing was ineffective in numerous ways violating this appellant [sic] constitutional rights to a fair trial, effective assistance of couns [sic] and the due process of law under the 5th, 6th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

*State v. Jenkins*, No. 16AP-105, 2016 WL 4480525, at *1-2 (Ohio App. 10th Dist. Aug. 25, 2016). On August 25, 2016, the appellate court affirmed the trial court's dismissal of Petitioner's motion to vacate as an untimely post conviction petition and, to the extent that it challenged the validity of his guilty plea, as barred under Ohio's doctrine of *res judicata*. *See id*. On February 22, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Jenkins*, 148 Ohio St.3d 1412 (Ohio 2017).[2]

---

[2] On February 2, 2015, Petitioner filed an affidavit of disqualification in the Ohio Supreme Court, in which he asserted that the trial judge was biased against him. (ECF No. 9, PageID# 234-41.) On February 17, 2017, the Ohio

3

On August 21, 2017, Petitioner filed the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] He asserts that he was denied a fair trial, due process, and equal protection of law based on the trial court's involvement in a federal civil law action against Petitioner (claim one); that his guilty plea was not knowing, intelligent, or voluntary in view of his mental health issues (claim two); that the trial court lacked jurisdiction because the statute of limitations had expired on the charges against him (claim three); that he was denied the effective assistance of trial counsel (claim four); and that the trial court unconstitutionally construed his motion to vacate as a petition for post conviction relief (claim five).

## Motion for Judgment of Default

On November 28, 2017, Petitioner filed a *Motion for Default Judgment* pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, requesting that judgment be granted in his favor due to the Respondent's failure to file a timely response. (ECF No. 4.) However, shortly thereafter, on December 4, 2017, the Court issued an *Order* directing the Respondent to file an answer within sixty (60) days. (ECF No. 5.) On February 27, 2018, the Court granted Respondent's request for an extension of time until February 27, 2018, to file a response. *Order* (ECF No. 8.) On March 13, 2018, Respondent filed the *Motion to Dismiss* this action as time-barred. (ECF No. 10.) Therefore, Respondent did not fail to submit a timely response to the *Petition*. Moreover, "default judgments are not appropriate in habeas proceedings based on a respondent's failure to answer." *Scott v. Merlak*, No. 4:17-cv-296, 2017 WL 6453333, at *1 (N.D. Ohio Sept. 22, 2017) (citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (superseded on other grounds by statute); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987); *Jackson v. Lazaroff*, No. 1:16CV2072, 2017 WL

---
Supreme Court denied the affidavit of disqualification, as Petitioner had no pending action in the state trial court. (PageID# 242.)
[3] He indicates that he executed the *Petition* on August 3, 2017. (ECF No. 1-2, PageID# 25.)

3098578, at *3 (N.D. Ohio June 13, 2017), *report and recommendation adopted*, No. 1:16 CV 2072, 2017 WL 3088252 (N.D. Ohio July 19, 2017); *Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003)).

> "The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner" and the state's failure to file a timely response "does not relieve the prisoner of his burden of proof." *Allen*, 424 F.2d at 138; citing *Jones v. Russell*, 396 F.2d 797 (6th Cir.1968) and *Gray v. Johnson*, 354 F.2d 986 (6th Cir. 1965). Furthermore, "[r]eleasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time." *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994).

*Id.* Therefore, Petitioner's *Motion for Default Judgment* (ECF No. 4) is **DENIED**.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on July 15, 2009, when the appellate court granted his motion to dismiss his appeal. *Journal Entry of Dismissal* (ECF No. 9, PageID# 207.) The statute of limitations began to run on the following day, and expired one year later, on July 16, 2010. Petitioner waited more than seven years, until August 3, 2017, to execute this *Petition.* Petitioner's December 2015, state collateral action did not toll the running of the statute of limitations under the provision of 28 U.S.C. § 2244(d)(2), as the statute of limitations had already long since expired. *See Vroman v. Brigano,* 346 F.3d 598 (6th Cir. 2003); *Wright v. Warden, Noble Correctional Institution,* No. 1:15-cr-123, 2016 WL 3746259, *5 (S.D. Ohio Feb. 11, 2016) ("Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar"), *adopted and affirmed* 2016 WL 3654463 (S.D. Ohio July 8, 2016). Further, the record fails to reflect that Petitioner acted diligently in pursuing relief or that some extraordinary circumstances prevented him from timely filing such that equitable tolling of the statute of limitations applies. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing)(citing *Pace*, 544 U.S. at 418). The record likewise fails to reflect that Petitioner can establish a credible claim of actual innocent that would justify equitable

tolling of the statute of limitations. *See Cook v. Ohio*, No. 2:15-cv-02669, 2016 WL 374461, at *10 (S.D. Ohio Feb. 1, 2016) (citing *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005)).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 10) be **GRANTED** and that this action be **DISMISSED.**

Petitioner's *Motion for Default Judgment* (ECF No. 4) is **DENIED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

*s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge