IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN A. JENKINS,

         Case No. 2:17-cv-738
         Judge Michael H. Watson
         Chief Magistrate Judge Elizabeth P. Deavers

  v.

NEIL TURNER, WARDEN,

  Respondent.

ORDER and
REPORT AND RECOMMENDATION

  Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Motion to Dismiss*, Petitioner's *Response in Opposition*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 10) be **GRANTED** and that this action be **DISMISSED**.

  Petitioner's *Motion for Default Judgment* (ECF No. 4) and *Request for Judicial Notice of Supplemental Evidence* (ECF No. 19) are **DENIED**.

**Facts and Procedural History**

  The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On March 13, 2002, a Franklin County Grand Jury indicted appellant for aggravated murder stemming from a fatal shooting during a robbery in 1980. Appellant pleaded guilty to the charge of voluntary manslaughter, and the trial court convicted him of that offense. On April 10, 2008, the trial court imposed the maximum sentence for the offense of 7 to 25 years in prison.
>
> On May 7, 2008, appellant filed a notice of appeal to this court from the judgment of the trial court. Appellant also filed a motion to withdraw his guilty plea on May 13, 2008. On July 9, 2008, the trial

court denied appellant's motion to withdraw his plea. Appellant did not file an appeal to this court from the trial court's July 9, 2008 decision. On July 15, 2008, appellant dismissed his appeal from his conviction and sentence.[1]

On December 24, 2015, appellant filed the instant "motion to vacate void sentence and set aside unconstitutional plea." The motion alleges several grounds for relief, including (1) "[t]his defendant did not have an impartial judge, resulting in structural error," (2) due to appellant's documented mental illness, "[t]he plea tendered was not made knowingly, voluntarily and intelligently making it unconstitutional," (3) the statute of limitations barred his prosecution, and (4) "[t]rial counsel was ineffective falling short of the 6th amendment." (Mot. to Vacate at 6, 8, and 14.)

On January 8, 2016, the state filed an "answer to petition and motion to dismiss," wherein the state urged the trial court to treat appellant's motion as a petition for postconviction relief, pursuant to R.C. 2953.23(J), and dismiss the petition as untimely filed. The state argued alternatively that res judicata barred the grounds for relief asserted in appellant's motion. On January 18, 2016, the trial court issued a decision and entry construing appellant's motion as a petition for postconviction relief, pursuant to R.C. 2953.23(A), and dismissing the petition as untimely filed.

Appellant timely appealed to this court from the decision of the trial court.

II. ASSIGNMENTS OF ERROR

Appellant assigns the following as error:

[1.] The trial court erred in recasting this appellant's motion to correct void sentence as a post conviction to deny it on procedural grounds and applying the principals of res judicata when the motion advanced two jurisdictional challenges and obvious errors which by law can be raised at any time thus violating this appellant's constitutional right to a fair trial and the due process of law guaranteed by the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

---

[1] This date appears to be a typographical error. The correct date of the appellate court's *Journal Entry of Dismissal* granting Petitioner's voluntary motion to dismiss the appeal appears to be on July 15, 2009. (ECF No. 9, PageID# 207.)

> [2.] The trial court erred in not granting relief because it is clear that this defendant did not have an impartial judge at trial and sentencing which results in structural error and violates his rights to a fair trial and the due process of law under the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.
>
> [3.] The trial court erred in not granting relief on the claim the plea tendered was not possibly knowingly, voluntarily and intelligently made thus making it unconstitutional, violating this appellant's constitutional rights to a fair trial and the due process of law under the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.
>
> [4.] The trial court erred in not granting relief on the statute of limitation claim. A conviction for voluntary manslaughter in 2006 stemming from an offense committed in 1980, when the corpus delecti was available in 1980, with no tolling provision available, was barred by the provisions of O.R.C. 2901.13. Since no proper waiver was made to that defense, the sentencing court lacked the jurisdiction to impose a sentence in 2006 and the sentence is void as a matter of law. The trial court's refusal to grant relief violated this appellant's constitutional rights to the due process of law and a fair trial in the 5th and 14th amendments of the U.S. constitution [sic] and the equivalent Articles and Sections of the Ohio Constitution.
>
> [5.] The trial court erred in not granting relief on this appellant's ineffective assistance of counsel claim as counsel at trial and sentencing was ineffective in numerous ways violating this appellant [sic] constitutional rights to a fair trial, effective assistance of couns [sic] and the due process of law under the 5th, 6th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

*State v. Jenkins*, No. 16AP-105, 2016 WL 4480525, at *1-2 (Ohio App. 10th Dist. Aug. 25, 2016).

On August 25, 2016, the appellate court affirmed the trial court's dismissal of Petitioner's motion to vacate as an untimely post-conviction petition and, to the extent that it challenged the validity of his guilty plea, as barred under Ohio's doctrine of *res judicata*. *See id*. On February 22, 2017,

the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Jenkins*, 148 Ohio St.3d 1412 (Ohio 2017).[2]

On August 21, 2017, Petitioner filed the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] He asserts that he was denied a fair trial, due process, and equal protection of law based on the trial court's involvement in a federal civil law action against Petitioner (claim one); that his guilty plea was not knowing, intelligent, or voluntary in view of his mental health issues (claim two); that the trial court lacked jurisdiction because the statute of limitations had expired on the charges against him (claim three); that he was denied the effective assistance of trial counsel (claim four); and that the trial court unconstitutionally construed his motion to vacate as a petition for post-conviction relief (claim five).

**Motion for Judgment of Default**

On November 28, 2017, Petitioner filed a *Motion for Default Judgment* pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, requesting that judgment be granted in his favor based on Respondent's failure to file a timely response. (ECF No. 4.) However, on the date that Petitioner filed the motion, the Court had not yet ordered Respondent to file a response. Thereafter, on December 4, 2017, the Court granted Petitioner's *Motion for Leave to Proceed in forma pauperis* (ECF No. 1) and directed Respondent to file an answer to the Petition within sixty (60) days. *Order* (ECF No. 5.) On February 27, 2018, the Court granted Respondent's request for an extension of time until March 16, 2018, to file a response. *Order* (ECF No. 8.) On March 13, 2018, Respondent filed a *Motion to Dismiss* this action as time-barred. (ECF No. 10.) Thus, the

---

[2] On February 2, 2015, Petitioner filed an affidavit of disqualification in the Ohio Supreme Court, in which he asserted that the trial judge was biased against him. (ECF No. 9, PageID# 234-41.) On February 17, 2017, the Ohio Supreme Court denied the affidavit of disqualification, as Petitioner had no pending action in the state trial court. (PageID# 242.)

[3] He indicates that he executed the *Petition* on August 3, 2017. (ECF No. 1-2, PageID# 25.)

record does not reflect that Respondent failed to file a timely response. In any event, a judgment of default in the Petitioner's favor would not be warranted based on the Respondent's failure to file a response. *See Scott v. Merlak*, No. 4:17-cv-296, 2017 WL 6453333, at *1 (N.D. Ohio Sept. 22, 2017) (citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (superseded on other grounds by statute); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987); *Jackson v. Lazaroff*, No. 1:16CV2072, 2017 WL 3098578, at *3 (N.D. Ohio June 13, 2017), *report and recommendation adopted*, No. 1:16 CV 2072, 2017 WL 3088252 (N.D. Ohio July 19, 2017); *Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003)).

> "The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner" and the state's failure to file a timely response "does not relieve the prisoner of his burden of proof." *Allen*, 424 F.2d at 138; citing *Jones v. Russell*, 396 F.2d 797 (6th Cir.1968) and *Gray v. Johnson*, 354 F.2d 986 (6th Cir. 1965). Furthermore, "[r]eleasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time." *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994).

*Id*. Therefore, Petitioner's *Motion for Default Judgment* (ECF No. 4) is **DENIED**.

**Request for Judicial Notice**

Petitioner has also filed a Request for Judicial Notice of Supplemental Evidence (ECF No. 19), requesting that the Court take judicial notice of a letter he has attached from Leonard L. Robinson, MA, LPCC-S, Petitioner's mental health liaison at the Ohio Department of Rehabilitation and Correction, to Judge Fais, of the Franklin County Court of Common Pleas, in support of his claim that equitable tolling of the statute of limitations should be applied. The letter is not dated, but indicates that, when Petitioner arrived at the Marion Correctional Institution in January 2011, he had been diagnosed as "severely mentally ill" dating back to 2005, and had

reported experiencing several auditory hallucinations. Petitioner was sent to the Residential Treatment Unit during his time at the Corrections Reception Center, and was diagnosed with major depressive disorder with psychotic features, and antisocial personality disorder, and appeared to exhibit signs of post-traumatic stress disorder. Petitioner received medication, including "a trial" of Sinequan and Wellbutrin (anti-depressants) and Risperdal (an anti-psychotic). He also presented a history of cocaine and heroin dependence for which he reported a long-term abstinence. He continued to receive mental health care and had complained of pain related to a herniated disk and what he believed to be a "polyneuropathy." (ECF No. 19-1, PAGEID # 437.)

Under Rule 201 of the Federal Rules of Evidence, a district court may take judicial notice at any stage of the proceeding, whether or not requested by the parties, of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201, Federal Rules of Evidence. However, "judicial notice is available only for 'adjudicative facts,' or the 'facts of the particular case,' as opposed to . . . facts 'which have relevance to legal reasoning' . . . Thus, judicial notice is generally not the appropriate means to establish the legal principles governing the case." *Wingeart v. Warren*, No. 05-74144, 2011 WL 1085032, at *1 (E.D. Mich. March 23, 2011) (quoting *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 350 (6th Cir. 2002)). "The purpose of judicial notice is to make a court's acceptance of a well-known or undisputable fact more convenient." *Wingeart,* 2011 WL 1085032, at *1 (citing *United States v. Bari*, 599 F.3d 176, 180 (2nd Cir. 2010)).

Thus, the letter Petitioner has attached to his motion is not a document that would be appropriate for this Court to take judicial notice. Moreover, as discussed below, consideration of this document does not assist Petitioner in establishing that equitable tolling of the statute of

limitations should be applied. Petitioner's *Request for Judicial Notice of Supplemental Evidence* (ECF No. 19) is therefore **DENIED**.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the provision of § 2244(d)(1)(A), Petitioner's conviction became final on July 15, 2009, when the appellate court granted his motion to dismiss the appeal. *Journal Entry of Dismissal* (ECF No. 9, PageID# 207.) The statute of limitations began to run on the following

day, and expired one year later, on July 16, 2010. Petitioner waited more than seven years, until August 3, 2017, to execute this *Petition.* Petitioner's December 2015, state collateral action did not toll the running of the statute of limitations under the provision of 28 U.S.C. § 2244(d)(2), as the statute of limitations had already long since expired before he filed this action. *See Vroman v. Brigano,* 346 F.3d 598 (6th Cir. 2003); *Wright v. Warden, Noble Corr. Inst.,* No. 1:15-cr-123, 2016 WL 3746259, *5 (S.D. Ohio Feb. 11, 2016) ("Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar"), *adopted and affirmed* 2016 WL 3654463 (S.D. Ohio July 8, 2016).

Petitioner argues that the statute of limitations has not yet begun to run, because he is presently serving a sentence on an unrelated case, and his sentence in this case has not yet started. *Response in Opposition* (ECF No. 16, PAGEID # 420.) He further contends that the trial court lacked jurisdiction, and that the trial judge should have recused himself, resulting in structural error, and that, under these circumstances, the statute of limitations should not apply. (PAGEID # 421-23.) Petitioner argues that the State's statute of limitations barred his convictions, and therefore, that the one-year statute of limitations applicable to the filing of habeas corpus actions also should not apply. (PAGEID # 423-25.) Petitioner also asserts that equitable tolling of the statute of limitations should be applied because he has a long history of mental illness that prevented his timely filing, and he requires the assistance of other prison inmates in preparing his pleadings. Petitioner complains that he has been unable to obtain his medical records from the Ohio Department of Rehabilitation and Corrections ("ODRC"), and requests an order requiring the release of his mental health records for this Court's review.

Preliminarily, Petitioner's allegation that that the trial court lacked jurisdiction, or that he was denied a fair trial based on judicial bias or alleged structural error, or because the statute of

limitations had expired under State law for the commencement of criminal charges against him does not affect the running of the one-year statute of limitations under the AEDPA. These are issues that would be properly raised in the Ohio Court of Appeals.

> [I]t does not matter, for purposes of determining if the statute of limitations has run that petitioner claims to be in custody pursuant to a defective, void, or illegal judgment rendered by a state court. The fact remains that this claim had to be brought within one year of the date on which the judgment became final and non-appelable[.]

*Worthy v. Warden, Chillicothe Corr. Inst.*, No. 2:12-cv-652, 2013 WL 4458798, *2 (S.D. Ohio Aug. 19, 2013). "[B]ecause petitioner 'is in custody pursuant to a judgment of the Ohio courts, even if that judgment may not be valid under state law, he is subject to 28 U.S.C. § 2244(d)'s one year statute of limitations in filing his federal habeas petition.'" *Dunaway v. Warden, Lebanon Corr. Inst.*, No. 1:14-cv-772, 2015 WL 3885720, at *10 (S.D. Ohio June 24, 2015) (citing *Frazier v. Moore*, 252 F. App'x 1, 4–5 (6th Cir. 2007)). Likewise, the date that Petitioner began to serve his sentence on the underlying criminal charges at issue does not affect application of the provisions set forth in 28 U.S.C. § 2244(d).

Additionally, the record does not reflect that Petitioner has acted diligently in pursuing relief or that some extraordinary circumstances prevented him from timely filing such that equitable tolling of the statute of limitations applies. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing) (citing *Pace*, 544 U.S. at 418). Equitable tolling should be applied "sparingly." *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011) (citing *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006)). A petitioner's mental incompetence that prevents him from timely filing a habeas petition may warrant equitable tolling of the statute of limitations; however, "a blanket assertion

of mental incompetence is insufficient to toll the statute of limitations. . . . Rather, a causal link between the mental condition and untimely filing is required." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011) (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)). In other words, the Petitioner must establish that his mental incompetence made him unable to comply with the AEDPA's statute of limitations in order to obtain equitable tolling on this basis. *Billingsley v. Haviland*, No. 18-3042, 2018 WL 3390408, at *2 (6th Cir. July 9, 2018) (citing *Ata,* 662 F.3d at 742). The Petitioner bears the burden of production and persuasion on this issue. *Kitchen v. Bauman*, 629 F. App'x 743, 747 (6th Cir. 2015) (citing *Ata*, 662 F.3d at 741). "Equitable tolling based on mental incapacity is limited to 'exceptional circumstances.'" *Brown v. McKee*, 232 F.Supp.2d 761, 768 (E.D. Mich. Nov. 20, 2002) (citing *Smith v. Saffle*, 28 F. App'x 759, 760 (10th Cir. 2001) (internal citation omitted)). The record fails to reflect such exceptional circumstances here.

Nothing in the record indicates that Petitioner's mental incompetence or mental health issues prevented him from timely filing. Notably, this habeas corpus petition is more than seven years late. During this time, Petitioner pursued various *pro se* actions in the state courts. The statute of limitations expired on July 16, 2010. The trial court, in April 2008, accepted the entry of Petitioner's guilty plea. Petitioner thereafter filed a *pro se Notice of Appeal*. (ECF No. 9, PAGEID # 137.) On March 13, 2008, he filed a *pro se Motion to Withdraw Guilty Plea* and handwritten *Affidavit in Support.* (PAGEID # 208, 211.) On July 25, 2009, he apparently wrote to his appellate attorney requesting to withdraw the appeal. *See Appellant Stevens Motion to Dismiss* (ECF No. 9, PAGEID # 205.) On February 2, 2015, Petitioner filed an *Affidavit* requesting the disqualification of the trial judge. (PAGEID # 234-39.) On December 24, 2015, he filed a *Motion to Vacate Void Sentence and Set Aside Unconstitutional Plea*. (PAGEID # 245-264.) On

February 5, 2016, he filed a *Notice of Appeal* of the trial court's denial of his motion to vacate sentence and *Merit Brief* in support. (PAGEID # 291-309.) On October 7, 2016, he filed a *Notice of Appeal* and *Memorandum of [sic] Support of Jurisdiction in the Ohio Supreme Court*. (PAGEID # 344-361.) Still, Petitioner waited until August 3, 2017, to execute this habeas corpus *Petition.* Thus, the record does not indicate that Petitioner's mental health issues prevented him from accessing the courts during the time period at issue, or that review of his medical records will assist him in establishing that equitable tolling of the statute of limitations is warranted on this basis. Moreover, Petitioner has access to his own health records and nothing in the he has provided no evidence to suggest that he has attempted, unsuccessfully, to obtain those records, and cannot do so.

The record likewise fails to reflect that Petitioner can establish a credible claim of actual innocent that would justify equitable tolling of the statute of limitations. *See Cook v. Ohio*, No. 2:15-cv-02669, 2016 WL 374461, at *10 (S.D. Ohio Feb. 1, 2016) (citing *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005)).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 10) be **GRANTED** and that this action be **DISMISSED.**

Petitioner's *Motion for Default Judgment* (ECF No. 4) and *Request for Judicial Notice of Supplemental Evidence* (ECF No. 19) are **DENIED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

11

authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge