UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN A. JENKINS,

    Petitioner,

    v.

NEIL TURNER, WARDEN,

    Respondent.

Case No. 2:17-cv-738
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On September 10, 2018, the Magistrate Judge issued an Order and Report and Recommendation denying Petitioner's Motion for Default Judgment and Request for Judicial Notice of Supplemental Evidence and recommending that Respondent's Motion to Dismiss be granted and that this action be dismissed. ECF No. 20. Petitioner has filed an Objection to the Magistrate Judge's Order and Report and Recommendation. ECF No. 27. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection, ECF No. 27, is **OVERRULED.** The Order and Report and Recommendation, ECF No. 20, is **ADOPTED** and **AFFIRMED**. Petitioner's Motion for Default Judgment, ECF No. 4, and Request for Judicial Notice of Supplemental Evidence, ECF No. 19, are **DENIED**. Respondent's Motion to Dismiss, ECF No. 10, is **GRANTED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his April 2008 conviction pursuant to his guilty plea in the Franklin County Court of Common Pleas for voluntary manslaughter. The Magistrate Judge recommended dismissal of this action as barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). Petitioner objects to that recommendation.

Petitioner argues, as he did previously, that the statute of limitations should be equitably tolled in view of his mental health issues. He complains that the Court failed to consider his request for an order compelling discovery of his medical records to support this claim. He seeks an evidentiary hearing on the issue or, alternatively, requests that the Court conduct an *in camera* review of his medical records. Petitioner states that he prepared and filed all of the prior pleadings in this case only through the assistance of a prison inmate he met in 2015. He claims that the state courts improperly denied his motion to withdraw his guilty plea and vacate his void sentence as barred under Ohio's doctrine of *res judicata*, violating his due process and equal protection rights and asserts that the trial judge was biased against him and improperly imposed sentence.

However, in order to obtain equitable tolling of the statute of limitations based on mental incompetency, a petitioner must establish that his mental incompetency caused his untimely filing. *See Kitchen v. Bauman*, 629 F. App'x 743, 747 (6th Cir. 2015) (citing *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011)). In other words, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations." *Ernst v. White*, No. 2:17-CV-219-DCR-REW, 2018 WL

843015, at *3 (E.D. Ky. Jan. 22, 2018). Petitioner cannot meet this standard here. He previously alleged that he suffers from chronic depression and that either the lack of medication or the effect of his medication caused him to be unable to enter a valid guilty plea. *See* ECF No. 9, PAGEID # 210; ECF No. 16, PAGEID # 422. These allegations, however, are entirely without support. Additionally, "'mental illness is not the same as mental incompetence,'" and a petitioner's failure to present any evidence of his mental health status during the limitations period is fatal to his tolling effort. *Ernst v. White*, 2018 WL 843015, at *3 (citing *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017)); *see also Sales v. Taylor*, No. 4:14-CV-58-HSM-SKL, 2015 WL 4487833, at *3 (E.D. Tenn. July 23, 2015) (noting that generalized claims of mental incompetence do not suffice):

> Even assuming Petitioner did suffer from some degree of impaired intellectual or mental functioning, not all cognitive deficiencies are sufficiently pervasive or debilitating that they prevent compliance with 28 U.S.C. § 2254(d). *See Starks v. Easterling*, 2014 U.S. Dist. LEXIS 124395, 2014 WL 4347593, at *7 (M.D.Tenn. Sept. 2, 2014) (finding mild mental impairment was not grounds for equitably tolling the limitations period in the absence of any indication that such impairment rendered the petitioner incapable of managing his court filings).

*Id.*

Moreover, the record does not indicate that Petitioner lacked the ability to access the courts. On May 7, 2008, he filed a *pro se* Notice of Appeal. ECF No. 9, PAGEID # 137. He thereafter requested the dismissal of the appeal. PAGEID # 205. On March 13, 2008, he filed a *pro se*

motion to withdraw his guilty plea, with a lengthy hand-written Affidavit in Support. PAGEID # 208-11. On February 2, 2015, he filed an Affidavit of Disqualification of the trial judge, again submitting an Affidavit in Support. PAGEID # 234-39. On December 24, 2015, he filed a Motion to Vacate Void Sentence and Set Aside Unconstitutional Plea. PAGEID # 245. He filed a *pro se* Notice of Appeal and brief in support . PAGEID # 291–92. He also filed a *pro se* Notice of Appeal and memorandum in support in the Ohio Supreme Court. PAGEID # 344, 346. Thus, the record plainly indicates that Petitioner's alleged mental health issues or alleged incompetence has not prevented him from accessing the courts or from earlier filing this habeas corpus petition. "[E]quitable tolling should be applied "sparingly," [*Ata*,] at 741, and mental incompetency is not a per se reason to toll the statute of limitations." *Kitchen v. Bauman*, 629 F. App'x at 747 (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)). Thus, further development of the record with Petitioner's medical records would not assist him. This Court need not conduct an evidentiary hearing to resolve the issue.

Petitioner's Objection, ECF No. 27, is **OVERRULED**. The Order and Report and Recommendation, ECF No. 20, is **ADOPTED** and **AFFIRMED**. Petitioner's Motion for Default Judgment, ECF No. 4, and Request for Judicial Notice of Supplemental Evidence, ECF No. 19, are **DENIED**. Respondent's

Motion to Dismiss, ECF No. 10, is **GRANTED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —— U.S. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

Where, as here, a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

For the same reasons stated above, the Court is not persuaded that

Petitioner has met this standard here. Therefore, the Court **DECLINES** to issue a

certificate of appealability.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**